THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES CHIAKULAS, Defendant-Appellant.

First District (3rd Division)    No. 1—97—4195

Opinion filed December 2, 1998.

Edwin F. Mandel Legal Aid Clinic, of Chicago (Mark J. Heyrman, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and James Beligratis, Assistant State's Attorneys, of counsel), for the People.

James E. Ryan, Attorney General (Barbara A. Preiner, Solicitor General, of counsel), and Janon E. Fabiano, both of Chicago, for appellee Department of Human Services.

JUSTICE CERDA delivered the opinion of the court:

In April 1987, defendant, Charles Chiakulas, was found not guilty of aggravated battery (720 ILCS 5/12—4 (West 1992)) and attempted murder (720 ILCS 5/8—4, 9—1 (West 1992)) by reason of insanity and ordered to the custody of the Illinois Department of Mental Health and Developmental Disabilities (now the Department of Human Services) (Department). In May 1996, defendant filed a motion for review of a treatment plan dated April 1996 which was filed by the director of the Elgin Mental Health Center, the Department institution where de-

fendant was then committed. The circuit court denied the motion, and defendant appealed. In May 1997, this court reversed the circuit court's order and remanded with directions that the circuit court review defendant's treatment plan and make a pronouncement to that effect. *People v. Chiakulas*, 288 Ill. App. 3d 248, 254-55, 681 N.E.2d 35, 39 (1997) (*Chiakulas I*).

On remand, the circuit court, *ex parte*, entered an order stating it had reviewed all relevant plans in accordance with section 5—2—4(b) of the Unified Code of Corrections (Corrections Code) (730 ILCS 5/5—2—4(b) (West Supp. 1997)) and section 3—814 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/3—814 (West 1996)), and found them to be "adequate and necessary." Defendant filed a motion to vacate or, in the alternative, for reconsideration, which was denied by the circuit court in October 1997. At no time did defendant request the circuit court for a hearing to review his treatment plans. Defendant appeals, arguing the circuit court erred in finding that his treatment plan satisfied the minimum statutory requirements. For the following reasons, we affirm.

In *Chiakulas I*, we reviewed the following court order:
> " 'This matter coming before the court pursuant to a Motion for Review of Treatment Plan. It is hereby ordered that [ ] motion is hereby denied and this matter shall be taken from the call.' "
> *Chiakulas*, 288 Ill. App. 3d at 250.

This court held, in relevant part, that an individual committed to the Department pursuant to being found not guilty by reason of insanity (NGRI acquittee) is entitled to have the circuit court review his or her treatment plans filed in accordance with section 5—2—4(b) of the Corrections Code. *Chiakulas I*, 288 Ill. App. 3d at 252-53, 681 N.E.2d at 38. The court further held that, when requested by any party, the circuit court should make a pronouncement, in an order, that it has reviewed the plan. *Chiakulas I*, 288 Ill. App. at 253, 681 N.E.2d at 39.

■■ ■ Section 5—2—4(b) of the Unified Code of Corrections provides in part:
> "If the Court finds the defendant subject to involuntary admission ***, the admission, detention, care, treatment or habilitation, review proceedings, and discharge of the defendant after such order shall be under the Mental Health and Developmental Disabilities Code." 730 ILCS 5/5—2—4(b) (West 1992).

Section 3—814 of the Mental Health Code provides in part:
> "The recipient or an interested person on his behalf may request a hearing or the court on its own motion may order a hearing to review the treatment plan." 405 ILCS 5/3—814 (West 1994).

Central to the court's decision was the relationship between sec-

tion 5—2—4(b) of the Corrections Code and section 3—814 of the Mental Health Code. Upon finding the two statutory provisions inclusive and complementary, the court explained, pursuant to section 3—814, an NGRI acquittee's treatment plan and its review are subject to the provisions of section 5—2—4 of the Corrections Code. *Chiakulas I*, 288 Ill. App. 3d at 252, 681 N.E.2d at 37-38. The court further noted section 5—2—4 directs that review proceedings involving an NGRI acquittee shall be under the Mental Health Code. *Chiakulas I*, 288 Ill. App. 3d at 252, 681 N.E.2d at 37.

According to the court, both sections 3—814 and 5—2—4(b) require the circuit court to review the NGRI acquittee's treatment plan. The court specifically found that section 3—814 provides guidance to the circuit court in monitoring the appropriateness and effectiveness of the acquittee's treatment. In its review of the treatment plan, the court may, in its discretion, "order any public agency, officer, or employee to render such information, cooperation, and assistance as is within its legal authority." 405 ILCS 5/3—814 (West 1994). The court also has the discretion to order a hearing to review the treatment plan. The NGRI acquittee or any interested person in his or her behalf may likewise request the court to conduct a hearing to review the treatment plan. 405 ILCS 5/3—814 (West 1996). If satisfied the acquittee is benefiting from his or her current treatment, the court may continue the original order for the remainder of the admission period. Conversely, if the court is not satisfied, it may modify its original order or direct the acquittee to be discharged. *Chiakulas I*, 288 Ill. App. 3d at 252, 681 N.E.2d at 38, citing 405 ILCS 5/3—814 (West 1996).

The court noted that mandated judicial review of an NGRI acquittee's treatment plan is consistent with the legislative history of section 5—2—4. Citing the *Report, Governor's Commission for Revision of the Mental Health Code of Illinois* (hereinafter Report), the court explained that section 5—2—4 and the Mental Health Code interface to require an individualized treatment plan and periodic evaluation of the acquittee's progress, both of which are subject to court review. These mandates ensure not only that the acquittee will be provided an integrated treatment regimen consistent with his needs, but also that the court is apprised of the acquittee's current condition. *Chiakulas I*, 288 Ill. App. 3d at 252-53, 681 N.E.2d at 38. Accordingly, the court is able to monitor the progress of treatment and discern any significant changes in the acquittee's condition. Furthermore, these mandates help prevent the acquittee from becoming " 'lost in the mental health and court systems.' " *Chiakulas I*, 288 Ill. App. 3d at 253, 681 N.E.2d at 38, quoting Report, at 48.

■ The circuit court in the instant case explicitly stated in its or-

der on remand that it had reviewed defendant's treatment plans, including the April 1996 plan, pursuant to sections 5—2—4(b) and 3—814, and found them legally sufficient and necessary for defendant's current condition. No further action was required of the court pursuant to our decision in *Chiakulas I*.

The motion before the circuit court in *Chiakulas I* was a motion for review of the treatment plan. There was no motion for a hearing. All that this court required in view of the motion and order was that the court make a pronouncement, in an order, that it had reviewed the treatment plan. No further discussion was necessary. If the court believed that a hearing to review the treatment plan was needed, it could have ordered a hearing without a request by any party.

If the recipient or an interested party requests the court to hold a hearing to review a treatment plan, the court may exercise its discretion to grant or deny the request. The statutes state that the court must be satisfied that the defendant-recipient is benefitting from treatment.

Notably, neither the Corrections Code nor the Mental Health Code permits an NGRI acquittee to seek review of his or her treatment plan by simply filing a motion to vacate or for reconsideration, as defendant did here. Rather, an acquittee must request a hearing for review with the circuit court pursuant to section 3—814. The court then may exercise its discretion to either grant or deny the request, keeping in mind that the court must be satisfied that the defendant-recipient is benefiting from the treatment. We stress acquittees do not have the absolute right to obtain a hearing. As stated in *Chiakulas I*, "there is nothing in either statute that gives an NGRI acquittee the right to a hearing on his or her treatment plan." 288 Ill. App. 3d at 253, 681 N.E.2d at 38. The acquittee is entitled only to request a hearing. By stating it had reviewed defendant's treatment plan and pronouncing in an order it had done so, we conclude the circuit court complied with this court's mandate in *Chiakulas I*. For the foregoing reasons, the decision of the circuit court is affirmed.

Affirmed.

BURKE and LEAVITT, JJ., concur.